TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2450
     Facsimile: (213) 894-0140
     E-mail:    solomon.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-379-PA |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT |
| v. | |
| HOVANES SUNGULYAN, | **CURRENT TRIAL DATE:** April 20, 2021 |
| Defendant. | |
| | **PROPOSED TRIAL DATE:** October 12, 2021 |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Solomon Kim, and defendant Hovanes Sungulyan, both individually and by and through his counsel of record, George Mgdesyan, hereby stipulate as follows:

1.  The Indictment in this case was filed on August 27, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on August 14, 2020.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before November 5, 2020.

2. On September 3, 2020, the Court set a trial date of October 27, 2020 at 8:30 a.m. On September 11, 2020, the Court set a status conference date of October 19, 2020 at 3:00 p.m.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately two to three days.

4. The Court has previously continued the trial date in this case from October 27, 2020 to April 20, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to October 12, 2021 at 8:30 a.m., and the status conference date to October 4, 2021 at 3:00 p.m. This is the second request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with: (1) distribution and possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), (b)(1)(B)(viii), and (b)(1)(C); and (2) carrying firearms during and in relation to, and possession of firearms in furtherance of, drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The government has produced discovery to the defense, including approximately 955 pages of discovery, including several audio and video files.

      b.    Defense counsel is presently scheduled for the following trials: (1) United States v. Hunanyan, No. CR 20-344-DMG-2, an identity theft trial scheduled to begin on April 13, 2021; (2) United States v. Margaryan, No. CR 19-233-DMG, a drug trial scheduled to begin on May 4, 2021; (3) United States v. Amiryan, No. CR 20-520-DMG, an identity heft trial scheduled to begin on May 25, 2021; and (4) Sparmak v. Lopez, No. CV 20-1023, a personal injury trial scheduled to begin on on July 7, 2021.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      c.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    7.    Defendant also requests the continuance based upon the following facts related to the COVID-19 pandemic, which the parties also believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). That suspension remains in place until a "date to be determined." C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Aug. 6, 2020); see also C.D. Cal. Order of the Chief Judge No. 20-186, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings (Dec. 17, 2020) ("[j]ury trials remain suspended."); C.D. Cal. Order of the Chief Judge No. 20-179, In Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan, at 3 (Dec. 7, 2020); C.D. Cal. Order of the Chief Judge No. 21-002, In Re: Coronavirus Public Emergency, Extension of Continuity of Operations Plan, at 2 (Jan. 6, 2021). Specifically, it remains the case that "[u]ntil further notice, no jury trials will be conducted in criminal cases." Notice from the Clerk of the United States District for the Central District of California, "Amended Expiration of Continuity of Operations Plan" (Jan. 27, 2021), available at http://www.cacd.uscourts.gov/news/amended-expiration-continuity-operations-plan.

b. Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its

Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions.  C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020).  On March 29 and 31, 2020, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings.  C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar. 31, 2020).  On August 6 and September 14, 2020, the Court slightly relaxed its restrictions to permit in-person criminal hearings for defendants who do not consent to remote appearance and to allow up to 10 members of the public to attend.  General Order No. 20-09, at 2-3; C.D. Cal. General Order No. 20-12, In Re: Coronavirus Public Emergency Order Concerning Reopening of the Southern Division, at 2 (Sept. 14, 2020).  On December 7, 2020, following "an unprecedented surge of COVID-19 cases, hospitalizations, and test positivity rates in the Central District," the Court reinstituted its COOP Plan.  Order of the Chief Judge No. 20-179, at 1-2; see also C.D. Cal. Order of the Chief Judge No. 20-186 ("extend[ing] all findings and authorizations in Order of the Chief Judge No. 20-043 for an additional 90 days unless earlier terminated").  Although the COOP Plan expired on January 29, 2021, it remains the case that all Central District of California courthouses to the public, except for hearings on criminal matters where defendant does not consent to appear by telephone or video conference, in which case the court has set a 10-person limit on the number of people present in the courtroom or an in an overflow

courtroom at one time.  Amended Expiration of Continuity of Operations Plan.

   c. These orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. <u>See, e.g.</u>, General Order 20-02, at 1.  The Chief Judge has recognized that, during the COVID-19 crisis, all gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact altogether.  <u>See</u> Order of the Chief Judge No. 20-042, at 1-2.  The Court has more broadly recognized CDC guidance advising "precautions to reduce the possibility of exposure to the virus and slow the spread of the disease[.]"  General Order 20-09, at 1.

   d. Consistent with this Court's orders, the Judicial Council of the Ninth Circuit Court of Appeals declared an emergency in the Central District of California, pursuant to 18 U.S.C. § 3174.  <u>In re Approval of Judicial Emergency in the Central Dist. of Cal.</u>, 955 F.3d 1140 (9th Cir. 2020).  The Judicial Council's order recognizes that "under the emergency declarations of national, state, and local governments, as well as recommendations from the Centers for Disease Control and Prevention to convene groups of no more than 10 people, the Court is unable to obtain an adequate spectrum of . . . grand jurors."  <u>Id.</u> at 1141.

   e. Local and state governments have adopted similar policies.  On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders

6

requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020). Subject to similarly limited exceptions, all travel was prohibited. Id. ¶ 4. Non-essential businesses requiring in-person attendance by workers were ordered to cease operations. Id. ¶ 2. All schools in the Los Angeles Unified School District remain closed to in-person classes.

      f.  On December 3, 2020, the Acting State Public Health Officer of the State of California issued a Regional Stay at Home Order based on the "unprecedented surge in the level of community spread of COVID-19." California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020). That order restricted business and social activities, including by suspending outdoor restaurant operations, in California regions for which ICU bed capacity was than 15%. Although the Regional Stay Home Order was lifted on January 25, 2021, "COVID-19 remains prevalent and dangerous, with cases still well above [California's] summer surge," and counties in California remain subject to various restrictions, depending on their tier, pursuant to the Blueprint for a Safer Economy which was enacted on August 28, 2020. See COVID19.CA.GOV, available at https://covid19.ca.gov/stay-home-except-for-essential-needs/#stay-home-order (last visited Feb. 18, 2021). ICU availability in the Southern California region is currently approximately 18%. Los Angeles Times Staff, Tracking the Coronavirus in California Hospitals, Los Angeles Time (updated daily), available at https://www.latimes.com/projects/california-coronavirus-cases-tracking-outbreak/hospitals/.

7

g.   As these measures reflect, the coronavirus pandemic is a global emergency that is unprecedented in modern history. As data from both the Centers for Disease Control and the California Department of Public Health reflect, the virus has spread through the United States community at an alarming rate. See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), available at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html; Coronavirus Disease 2019 (COVID-19), California Department of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx. The death toll, across the world, is staggering.

h.   Based on these facts, the Court's August 6, 2020 General Order found that the suspension of criminal jury trials was necessary to protect public health, reduce the size of public gatherings, and reduce unnecessary travel. General Order 20-09, at 1. The Court determined that, given the increased rates of COVID-19-related hospitalization and death over the preceding 30 days, "holding jury trials substantially increases the chances of transmitting the Coronavirus" and would "place prospective jurors, defendant[s], attorneys, and court personnel at unnecessary risk." Id. at 3. The Court concluded that suspending jury trials thus served the ends of justice and outweighed the interests of the public and defendants in a speedy trial. Id.; see also Amended Expiration of Continuity of Operations Plan ("[u]ntil further notice, no jury trials will be conducted in criminal cases").

i.   The Central District of California thus far has not adopted any protocols for safely conducting jury trials. Holding

trial or requiring trial preparation to occur before the COVID-19 pandemic is adequately addressed would pose grave health risks to jurors, venirepersons, court staff, the parties, and their counsel.

8. The government does not object to the request for a continuance, and the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

9. Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the date of this stipulation to October 12, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161 (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's findings that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. Further, the parties have agreed to the following briefing schedule for any pretrial motions, including motions in limine: (1) any motions shall be filed by August 9, 2021; (2) any oppositions

shall be filed by August 23, 2021; and (3) any replies shall be filed by August 30, 2021. The parties respectfully request that the Court set a motion hearing on September 6, 2021, or another date that same week as convenient for the Court.

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED

Dated: February 22, 2021          Respectfully submitted,

                                  TRACY L. WILKISON
                                  Acting United States Attorney

                                  BRANDON D. FOX
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                       /s/
                                  _____
                                  SOLOMON KIM
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA


Dated: February 22, 2021               /s/ (with authorization)
                                  _____
                                  GEORGE MGDESYAN
                                  Attorney for Defendant HOVANES
                                  SUNGULYAN

<u>DECLARATION OF GEORGE MGDESYAN</u>

I am HOVANES SUNGULYAN'S attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 12, 2021 is an informed and voluntary one.

_____     DATE 2/20/21
GEORGE MGDESYAN
Attorney for Defendant
HOVANES SUNGULYAN

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 12, 2021.

_____ on behalf of defendant ____ DATE 2/20/21
HOVANES SUNGULYAN
Defendant