TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAVID Y. PI (Cal. Bar No. 337432)
GREGORY D. BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorneys
General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3659/3183
    Facsimile: (213) 894-6269
    E-mail:   david.pi@usdoj.gov
                gregory.bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>HOVANES SUNGULYAN,<br><br>      Defendant. | No. CR 2:20-00379-PA<br><br>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT HOVANES SUNGULYAN<br><br>Sentencing Date: 11/15/21<br>Sentencing Time: 12:00 p.m.<br>Location:    Courtroom of the<br>                   Hon. Percy Anderson |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys David Y. Pi and Gregory D. Bernstein, hereby files its sentencing position regarding defendant HOVANES SUNGULYAN ("defendant").

     This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, including the Revised Presentence Investigation Report (Dkt. 38), and such further evidence and argument as the Court may permit.

The government reserves the right to file any supplemental sentencing position that may be necessary.

Dated: October 25, 2021
Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

 /s/ *David Y. Pi*
DAVID Y. PI
GREGORY D. BERNSTEIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant HOVANES SUNGULYAN ("defendant") is charged in the indictment with distribution of fentanyl (count one), possession with intent to distribute fentanyl and methamphetamine (counts two and three), and carrying and knowingly possessing firearms in furtherance of drug trafficking crimes (count four). (Dkt. 12 ("Indictment") at 1-4.) On June 25, 2021, defendant pleaded guilty to count two of the indictment (possession with intent to distribute at least 40 grams of fentanyl). (Dkt. 32, 37.) For its part, the government agreed to dismiss the remaining counts. (Dkt. 32 at 5-6.)

In its Presentence Investigation Report ("PSR") (Dkt. 38), the United States Probation and Pretrial Services Office ("Probation") concluded that: (1) defendant's total offense level was 29, (2) defendant's criminal history category was I, and (3) defendant's sentencing guidelines range was 87 to 108 months' imprisonment, four to five years' supervised release, and a $30,000 to $5,000,000 fine. (PSR ¶¶ 39, 44, 79, 81-82, 87.)

Probation further determined that: (1) under 18 U.S.C. § 3013, defendant must pay a $100 mandatory special assessment; (2) because of the amount of fentanyl involved in defendant's crime, he is subject to a mandatory-minimum sentence of 60 months' custody and four years' supervised release; and (3) because defendant possessed firearms in connection with his drug trafficking, he cannot qualify for safety-valve relief. (PSR ¶¶ 30, 78, 81, 86.)

As set forth below, the government recommends a low-end guidelines sentence of 87 month's imprisonment, four years' supervised release, a $100 special assessment, and no fine or

disqualification from federal benefits.

## II.   FACTUAL BACKGROUND

At the change of plea hearing and in the plea agreement (Dkts. 32, 37), defendant admitted the following facts:

On August 13, 2020, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally possessed with intent to distribute more than 291 grams of fentanyl.

Moreover, between February 2020 and August 2020, defendant sold counterfeit oxycodone pills laced with fentanyl on several occasions to people whom he thought were drug customers, but who were in fact a confidential informant ("CI") working with the DEA and an undercover DEA agent ("UC").  Defendant arranged the sales through advertisements on Craigslist and a series of text messages with the CI and UC.  The communications led to the following transactions:

- On February 20, 2020, defendant met the CI in Rosemead, California, where, inside the CI's car, defendant sold the CI 20 pills containing 2.12 grams of fentanyl.
- On June 30, 2020, defendant met the UC in a Walmart parking lot in Pico Rivera, California, where he approached the UC's car and sold the UC 31 pills containing 3.4 grams of fentanyl.
- On August 5, 2020, defendant met the UC in the parking lot of an America's Best Value Inn (the "Inn") in Pico Rivera, California, where defendant was staying.  There, in the UC's car, defendant sold the UC 57 pills containing 6.25 grams of fentanyl.

After agreeing by text to a further drug transaction with the UC, on August 13, 2020, defendant knowingly possessed in his car and

rooms at the Inn, numerous pills containing a total of 291.57 grams of fentanyl, as well as 118.1 grams of methamphetamine, all of which he intended to distribute to other people, and the following firearms and ammunition:

- a Sig Sauer SP 2340 .40 caliber pistol, with an obliterated serial number, loaded with eight rounds of ammunition;
- a Rock Island Armory M1911A .380 caliber pistol, bearing serial number RIA2120138;
- a Glock 22 .40 caliber pistol, bearing serial number NVZ020;
- a Rock Island Armory m1911A1 FS-TACT 2011 .45 caliber pistol, bearing serial number RIA1615839;
- a Glock 22 .40 caliber pistol, bearing serial number NVZ020;
- two Glock magazines, one loaded with 8 rounds of ammunition and the other with 10 rounds of ammunition;
- another magazine loaded with 10 rounds of ammunition;
- 15 loose .45 caliber rounds; and
- 100 rounds of Remington .40 caliber bullets.

When defendant possessed these drugs and firearms on August 13, 2020, at the Inn, he was intentionally maintaining and using two rooms at the Inn in furtherance of his drug distribution activities by selling drugs to people in the rooms, and by storing his drugs, drug ledgers, and drug customer information in the rooms.

**III. THE PRESENTENCE INVESTIGATION REPORT AND GUIDELINES CALCULATION**

Based on the above facts, Probation determined that: (1) the amount of drugs involved warranted a base offense level of 28, under USSG §§ 2D1.1(a)(5), (c)(6); (2) defendant's possession of dangerous weapons in connection with the drug crime warranted a two-level increase, under USSG § 2d1.1(b)(1); (3) defendant's maintenance of

3

drug-involved premises warranted an additional two-level increase, under USSG § 2D1.1(b)(12); and (4) defendant's timely acceptance of responsibility warranted a three-level decrease, under USSG § 3E1.1. (PSR ¶ 29-38.) Accordingly, Probation calculated defendant's total offense level as 29. (PSR ¶ 39.) Probation also determined that defendant had zero criminal history points, for a criminal history category of I. (PSR ¶ 44.) Probation thus concluded that defendant's advisory guidelines range was 87 to 108 months' imprisonment, four to five years of supervised release, a $30,000 to $5,000,000 fine, and a mandatory $100 special assessment. (PSR ¶¶ 78-79, 81-82, 85-86.) Probation identified no factors that would warrant a downward departure or variance below that range. (PSR ¶¶ 93-94.) The government does not object to the PSR's findings.

**IV.   THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The government respectfully requests that the Court adopt Probation's factual findings and guidelines calculations, and sentence defendant to a low-end guidelines sentence of 87 months' imprisonment, four years' supervised release, and a $100 special assessment. The government submits that (1) neither a fine nor a denial of federal benefits is appropriate here, and (2) participation in the Bureau of Prison ("BOP")'s Residential Drug Abuse Program ("RDAP") would greatly benefit both defendant and the community.

   **A.   Nature and Circumstances of the Offense, § 3553(a)(1)**

Defendant knowingly distributed fentanyl -- an incredibly dangerous drug -- and possessed with intent to distribute substantial quantities of fentanyl, as well as methamphetamine. (PSR ¶¶ 12-18; Indictment at 1-4.) In connection with this drug trafficking, defendant also maintained a drug-involved premises, possessed a large

4

cache of weapons and ammunition, and carried "a loaded firearm hidden near his chest." (PSR ¶¶ 18-20.) In other words, defendant's crime directly implicates the need to protect the public, and his sentence should account for that.

### B. History and Characteristics of Defendant, § 3553(a)(1)

In mitigation, defendant became addicted to opioids and cocaine after he fractured his wrist and elbow and was prescribed an opiate to cope with the pain. (PSR ¶¶ 58-60.) Defendant also has no criminal history and has worked as a nurse for several years. (PSR ¶¶ 11, 66-70.) These factors support the government's low-end recommendation.

### C. Need for Deterrence and to Promote Respect for the Law, § 3553(a)(2)

The government submits that its recommended sentence will appropriately promote respect for the law, protect the community, and deter defendant and others who would seek to emulate his conduct. An 87-month sentence -- the first prison sentence defendant will ever serve -- will provide him sufficient time to consider his actions in light of their substantial consequences. Additionally, four years' supervised release will hold defendant accountable for his future actions and will hopefully deter him from committing future crimes.

### D. Need for the Sentence to Avoid Unwarranted Disparities, § 3553(a)(6)

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly-situated defendants. One way of doing so is to correctly calculate the guidelines range. See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the [g]uidelines range was correctly calculated, the district court was

5

entitled to rely on the [g]uidelines range in determining that there was no 'unwarranted disparity' . . . .") (overruled on other grounds by United States v. Miller, 953 F.3d 1095, 1103 (9th Cir. 2020), cert. denied, 141 S. Ct. 1085 (2021); Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the [g]uidelines ranges."). Here, under the correctly-calculated guidelines range, other defendants "with similar records who have been found guilty of similar conduct" can expect to receive a sentence between 87 and 108 months. As such, the government's recommended sentence would avoid an unwarranted disparity with similarly-situated defendants.

**E.   Applicable Mandatory-Minimum Sentence, § 3553(f)**

Defendant possessed with intent to distribute at least 40 grams of fentanyl and is not safety-valve eligible. 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 3553(f)(2). Accordingly, he must be sentenced to at least 60 months' imprisonment and four years' supervised release. See id.

**F.   Recommendation Regarding Fine, Federal Benefits, and RDAP**

Defendant has limited financial means, filed for bankruptcy in 2018, and will likely lose his nursing license. (PSR ¶¶ 53, 72-74.) Accordingly, the government agrees with Probation that he is unable to pay a fine. (PSR ¶ 75.) Additionally, the government submits that any deprivation of defendant's federal benefits would harm his rehabilitation efforts. See 21 U.S.C. 862(a)(1) (leaving to the Court's discretion a defendant's eligibility for federal benefits after a first or second drug distribution crime); USSG § 5F1.6 (noting same). Finally, in light of defendant's substance-abuse history and his statement to Probation that "he committed the instant

6

offense to support his drug habit," the government supports his participation in RDAP.  (See PSR ¶¶ 23, 59-62.)

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully recommends that defendant be sentenced to 87 months' imprisonment (to include access to RDAP), four years' supervised release, a $100 special assessment, no fine, and no disqualification from federal benefits.  Such a sentence is sufficient, but not greater than necessary, to serve the sentencing goals.  See 18 U.S.C. § 3553(a).